**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10145 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00860-YGR-1 |
| v. | |
| SALEEM M. KHAN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10344 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00860-YGR-1 |
| v. | |
| SALEEM M. KHAN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 10, 2015
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and SILVERMAN, Circuit Judges and GARBIS,[**] Senior District Judge.

Saleem Khan appeals the sentence and restitution award imposed by the district court on the grounds that the Government failed to present sufficient evidence to meet its burden of proof for determining loss to calculate the sentencing guidelines and for determining restitution. Based on comments made by the district court at sentencing, Khan also seeks remand to a different district judge.

"A calculation of the amount of loss is a factual finding reviewed for clear error." *United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013) (citation omitted) (internal quotation marks omitted). We review a district court's underlying factual findings supporting an order of restitution for clear error, while the valuation methodology is reviewed *de novo*. *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010).

The district court did not err in determining, for purposes of calculating the sentencing guidelines, that the amount of loss Khan caused to E*TRADE Bank was between $200,000.00 and $400,000.00 or in ordering Khan to pay $313,665.98 in restitution.

---

[**] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Khan pled guilty to a fraudulent scheme starting "no later than in or about July 2010." On July 13, 2010, Khan falsely told PNC Bank, the servicer of the home equity line of credit ("HELOC"), that he could not make payments on the HELOC because he had been laid off. As a result of this false statement, PNC decided to charge off the loan. By making more false statements on January 13, 2011, Khan convinced PNC to settle with him for $45,000.00 and reconvey the property used to secure the HELOC. At the time of both of these false statements, the total outstanding balance on the HELOC was $358,665.98.

Thus, the appropriate measure of the loss Khan caused to E*TRADE, for purposes of calculating the sentencing guidelines, is the amount of the HELOC advanced to Khan minus the settlement amount; or $299,850.00.

For purposes of restitution, the appropriate measure of the actual loss Khan caused to E*TRADE is the total outstanding balance on the HELOC (including associated costs and accrued interest) totaling $358,665.98, reduced by the $45,000.00 that E*TRADE fraudulently was induced to accept in settlement; or $313,665.98.

Contrary to Khan's argument, the district court did not use the amount advanced to him on the HELOC as a "proxy" for loss. Rather, the district court correctly decided that the *actual* loss Khan caused was the amount due from Khan

in excess of the $45,000.00 paid to settle the HELOC debt. The fraudulent scheme was not Khan's obtaining funds from the HELOC but his obtaining a release for less than full payment by virtue of false statements. The "pump and dump" cases on which Khan relies are inapposite.

Accordingly, we conclude that the district court correctly determined that the loss amount for sentencing guidelines purposes was $299,850.00 and correctly ordered $313,665.98 in restitution.

**AFFIRMED.**[1]

---

[1] While it is not necessary to address Khan's contention regarding a reassignment of the case to a different district judge for further sentencing, it is appropriate to state that we find no reason to conclude that the district judge acted improperly or would be unable to preside fairly over any further proceedings.